## J. C. BOGGESS v. STATE.

No. A-3001. Opinion Filed November 23, 1918.

(175 Pac. 946.)

1. **INDICTMENT AND INFORMATION — Vagrancy — Counts — Joinder.** The statute classifies different kinds of persons as vagrants under separate subdivisions of the same section. The Criminal Code permits the state to charge the same offense in different forms under different counts in the same information. **Held,** that in charging vagrancy the state may set forth, in different counts as a charge against the accused, any or all the classes of vagrants defined by the statute, and a verdict of guilty of vagrancy as charged in the information would be sustained where the proof was sufficient to sustain the allegations of any particular count of the information.

2. **TRIAL—Instructions—Evidence.** Where the state charges vagrancy only under one subdivision of the statute, and the court permits evidence that the accused is a vagrant under another subdivision of the statute, and in addition thereto instructs the jury

in such a manner as to permit a verdict of guilty to be rendered if they believe the defendant to be. a vagrant under any subdivision of the statute, over objection and exception of counsel for the defendant, **held,** that the court erred, and that the error is prejudicial to the substantial rights of the defendant. The evidence of guilt and instructions should have been limited to that class of vagrancy charged in the information.

*Appeal from County Court, Carter County;*
*Thomas W. Champion, Judge.*

J. C. Boggess was convicted of the crime of vagrancy and sentenced to pay a fine of $50, and he appeals. Reversed and remanded for new trial.

*Sigler & Howard,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, J. C. Boggess, was convicted in the county court of Carter county of the crime of vagrancy on an information, the charging part of which is as follows:

"That he, the said J. C. Boggess, did then and there unlawfully stroll and loiter idly about the streets of Ardmore, Carter county, Okla., having no visible means of livelihood and no local habitation, contrary to the form of the statutes."

The prosecution is based on the second subdivision of section 2515, Rev. Laws 1910, which provides as follows:

"Any person who strolls or loiters idly about the streets of any city or town, having no local habitation or no honest business or employment," is a vagrant.

During the progress of the trial, certain evidence was permitted to go before the jury to show that the defendant was a professional gambler and card sharp, which would make him a vagrant, if true, within the meaning of the fifth subdivision of section 2515, which provides:

"Any professional gambler, or gamblers commonly known as tin horn gamblers, card players or card sharps."

In instructing the jury, the court, over the objection and exception of the defendant, gave the following instructions:

"You are further instructed that it devolves upon the state to prove every material allegation in the information, and, if the proof fails in sustaining the material allegation in the complaint, then it will be your duty to return a verdict of not guilty. You are instructed that the statute defining the crime with which the defendant is charged, reads as follows:

" 'The following persons are vagrants within the meaning of ths article:

" 'First. An idle person who lives without any means or who has no visible support and makes no exertion to obtain a livelihood by honest employment.

" 'Second. Any person who strolls or loiters idly about the streets of any city or town, having no local habitation and no honest business or employment.

" 'Third. Any person who strolls about to tell fortunes or to exhibit tricks not licensed by law.

" 'Fourth. Any common prostitute, any manager, or controller of a house of prostitution or ill fame, or any one employed therein as barkeeper, caller of figures for dances, or habitual frequenters thereof.

" 'Fifth. Any professional gambler, or gamblers commonly known as tin horn gamblers, card players or card sharps.

" 'Sixth. Any person who goes about to beg for alms, who is not afflicted or disabled by a physical malady or misfortune.

" 'Seventh. Any habitual drunkard, who abandons, neglects or refuses to aid in the support of his family." (Case-made, p. 77.)

8—15

Counsel for the defendant here contends that the giving of the foregoing instructions would not limit the jury to a consideration of the specific charge of vagrancy lodged against this defendant, but that it permitted the jury to find the defendant guilty of vagrancy if they believed beyond a reasonable doubt he was guilty of any of the acts, or was such a person as came within the definition of any subdivision of section 2515, *supra.*

In other words, it is contended that while the specific charge against this defendant, and upon which he was called upon to defend, was that character of vagrancy defined by subdivision 2, *supra,* and to which his defense was directed, yet nevertheless the court in charging the jury permitted his conviction to be based upon any subdivision of said section, disregarding the specific charge contained in the information and greatly prejudicing the defendant in his substantial rights.

Under the provisions of the Criminal Code of Oklahoma, great latitude is allowed in pleading public offenses; it being provided in section 5741, Rev. Laws 1910, that:

"When the same act may constitute different offenses, or the proof may be uncertain as to which of two or more offenses the accused may be guilty of, the different offenses may be set forth in separate counts in the same indictment or information and the accused may be convicted of either offense * * * and the same offense may be set forth in different forms or degrees under different counts; and where the offense may be committed by the use of different means, the means may be alleged · in the alternative in the same count."

It is required, however, that the information or indictment must charge but one offense, and that the acts constituting such offense must be stated in such a manner as

to enable a person of common understanding to know what was intended. Section 5738, Rev. Laws 1910.

Under our statute the state may plead that the accused was guilty of vagrancy by pleading in the same indictment or information that he was a vagrant within the definition of all the subdivisions of section 2515, *supra*, or the state may plead that the defendant was a vagrant under any one or more subdivisions of said statute under different counts in the same indictment or information, and it would not have been necessary for the court to limit the proof except as to the particular elements of the crime charged, and to so instruct the jury. In this case, however, the state relied on that character of vagrancy defined in the second subdivision of said section, and the court, in instructing the jury, permitted the jury to render a verdict of guilty, should they believe the defendant to be guilty of vagrancy as defined in any one of said subdivisions heretofore quoted.

We are of the opinion that to so instruct under the evidence in this case, in view of the fact that certain witnesses were permitted to testify that the accused was a card sharp and professional gambler (not alleged in the information or relied upon for conviction), was an encroachment upon the substantial rights of plaintiff in error; and for such reason the judgment should be reversed, and the cause remanded for new trial.